UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

           **Hon. Hugh B. Scott**

           12CR29A

Theresa Anderson,           **Decision**
Steven Butler,           **& Order**
Dion Anderson,
Melvin Calhoun,
Anquensha Hodge, aka Anne Anderson,
Wymiko Anderson, aka Red
Toshia Hodge, aka Toshia Anderson
Tajia Anderson, aka Porkchop
and Leo Mellerson

        Defendants.

Before the Court are the respective omnibus motions filed on behalf of Wymiko Anderson (Docket No. 44); Melvin Calhoun (Docket Nos. 66 and 67); Steven Butler (Docket No. 68); Tajia Anderson (Docket No. 69); Theresa Anderson (Docket No. 70) and Anquensha Hodge (Docket No. 75). In addition, the government has moved to strike certain language from the Indictment (Docket No. 33).[1]

---

[1] Any dispositive issues raised in the respective motions are the subject of a separate Report & Recommendation.

1

## Background

In an indictment dated January 18, 2012, the Grand Jury for the Western District of New York alleged that the nine defendants in this case operated an illicit drug trafficking organization ("the Anderson Drug Trafficking Organization"). (Docket No. 1 at ¶¶ 1-11). Theresa Anderson was charged with engaging a continuing criminal enterprise in violation of 21 U.S.C. 848(a) [Count 1]. All nine defendants were charged with conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. §846 [Count 2]. Theresa Anderson and Dion Anderson were also charged with maintaining a premises for the purpose of manufacturing, distributing and using cocaine base in violation of 21 U.S.C. 856(a)(1) and 18 U.S.C. §2 [Counts 3 and 7]. Theresa Anderson was further charged separately in three additional counts of maintaining a premises for the purpose of manufacturing, distributing and using cocaine base in violation of 21 U.S.C. 856(a)(1) [Counts 4-6]. In Counts 8 through 33, the respective nine defendants are charged with possession of cocaine base with the intent to distribute on various dates between February 19, 2010 and October 31, 2011 in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2 [Counts 8-33]. Finally the indictment includes a forfeiture allegation seeking forfeiture of more than $1,250,000, 15 separate pieces of real property and substitute assets pursuant to 21 U.S.C. §853(a)(1), §853(a)(2) and §853(p). (Docket No. 1 pages 13-16).

## **Discovery**

In their respective motions, the defendants identified several general categories of discovery sought in the respective motions. The government has represented that it has provided the voluminous discovery. The parties have not identified any outstanding discovery issues at this

time. If there are additional specific discovery requests outstanding, the defendants are granted leave to make further application for relief.

**Rule 12 Notice**

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the defendants have requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 in order that the defendants have an opportunity to move to suppress under Rule 12 (b)(3)(C). To the extent the government has not already done so, the government is directed to provide such notice to the defendants.

**Brady & Jenks Act Material**

The defendants seek the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendants also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and Giglio v. United States, 405 U.S. 150 (1972), as well as the Jencks Act. The government represents that it will

provide this material as directed in the District Court's trial order.

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Identity of Informants**

The defendants seek the pretrial disclosure of the identity of any informants in this case. The government is not required to provide early disclosure of the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendants have not established that the pre-trial disclosure of the identities of informants is essential to their defense. This request is denied.

**Bill of Particulars**

Three of the nine defendants seek a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure (Docket Nos. 67, 68 and 70). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir.1984). Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The circumstances warranting a bill of particulars are limited. A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States. v. Persico, 621 F.Supp. 842, 868 (S.D.N.Y.1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.' " United States v. Conley,

2002 WL 252766, *4 (S.D.N.Y.2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y.1994). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

In the instant case, the government has produced substantial discovery to the defendants. Upon review of the indictment, and in light of the discovery and information already provided or promised in this case, the defendants have not demonstrated that further particularization is required to protect them from double jeopardy or to enable them to adequately prepare a defense and avoid surprise at trial.

**Rule 404, 608 and 609 Material**

The defendants also seek information under Rules 404, 608 and 609 of the Federal Rules of Evidence. Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use any such evidence of a prior bad act

7

in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

**Requests under Rules 806 and 807**

The defendants also request information pursuant to Rules 806 and 807 of the Federal Rules of Evidence, relating to possible hearsay evidence the government intends to use at trial. If the government should determine that it will attempt to introduce such hearsay statements, the government is directed to notify the defendant of such in accordance with the trial order issued by the District Court.

**Rule 702, 703 and 705**

The defendants seek disclosure of expert reports, summaries and materials pursuant to

Rules 702, 703 and 705 of the Federal Rules of Evidence. The government has represented that it will provide written summaries and materials relating to expert witnesses no less than two weeks prior to trial or as directed in the District Court's trial order. (Docket No. 73 at page 8).

**Disclosure of Grand Jury Transcripts**

The defendants also seek disclosure of the grand jury transcripts. There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court. (See Fed.R.Crim.P. 6(e)). A party seeking disclosure of grand jury proceedings bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982). Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at 233.

The defendants have not presented any particularized need or advanced any proof controverting the presumption of regularity in the grand jury proceedings in this case. This request is denied.

9

**Active Voir Dire, Cross-Examination of Experts**

The defendants have requested leave to cross-examine any expert government witnesses outside the presence of the jury, and to have an active role in the voir dire process. These issues are more appropriately determined by the District Court Judge presiding over the trial in this matter.

**Preservation of Notes and Other Evidence**

The defendants seek the preservation of evidence and notes taken by law enforcement personnel involved in this matter. The government is directed to preserve such material.

**Disclosure of Co-Conspirator Statements**

The defendants have also requested production of all statements made by any co-conspirator, to the extent that the statement was made in furtherance of the conspiracy and the declarant will not be testifying for the government at trial. (Docket No. 70 at page 6; Docket No. 68 at pages 12-13).

Generally, it is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d. Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992). The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies. U.S. v. Covello, 410 F.2d 536, 543 (2d. Cir.) cert. denied 396 U.S. 879 (1969). Some Courts have ordered disclosure of

statements made by a co-conspirator, based upon the rationale that statements made by a co-conspirator in furtherance of the conspiracy may be treated as the defendant's own statements, if the co-conspirator is not a prospective government witness. Turkish, 458 F.Supp. at 882.

The defendants seek a ruling akin to an admissibility determination of co-conspirator's statements. The defendants are not entitled to a pretrial hearing to determine the admissibility of co-conspirator statements under United States v. James, 590 F.2d 575 (5th Cir.1979) (en banc). James hearings are not required in the Second Circuit. Instead, in this circuit the judge presiding over the trial of the case makes a ruling pursuant to United States v. Geaney, 417 F.2d 1116, 1119–20 (2d Cir.1969), cert. denied, 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970), during the trial regarding the admissibility of the statements. See also United States v. Maisonet 2009 WL 2876170 (W.D.N.Y.,2009)(The relief sought by the defendant, to exclude from the trial "any statements made by others other than those testifying co-conspirators or other witnesses that have been noticed to defense at the trial herein," must be sought in the form of a motion in limine before the United States District Judge to whom this case is assigned.). Thus, this issue is denied as premature at this time, The issue may be raised prior to trial before the District Judge presiding over the trial in this case.

**Audibility**

The defendants seek an audibility hearing regarding tape recordings the government intends to use at trial. The defendants do not allege that any particular tape is inaudible. If after having an opportunity to listen to any such recordings to be used at trial, defense counsel believes an audibility hearing is warranted, counsel is directed to notify the Court so that such a hearing

11

can be scheduled.

## Conclusion

The respective motions for pretrial discovery are granted in part and denied in part consistent with the above.

So Ordered.

                                                                */s/ Hugh B. Scott*
                                                  United States Magistrate Judge
                                                  Western District of New York

Buffalo, New York
November 16, 2012